**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SERGIO AMEZCUA,

    *Petitioner*,

vs.

STATE OF NEVADA, *et al.,*

    *Respondents*.

2:12-cv-00483-GMN-PAL

ORDER

This represented habeas matter under 28 U.S.C. § 2241 comes before the Court for initial review under Rules 1(b) and 4 of the Rules Governing Section 2254 Cases (the "Habeas Rules") and 28 U.S.C. § 2243. The filing fee has been paid.

*Background*

Petitioner Sergio Amezcua has been charged in Las Vegas Justice Court with misdemeanor battery constituting domestic violence arising from an alleged incident on November 20, 2010, where he is alleged to have punched and kicked his ex-wife, Marysol Amezcua, about the head and body. Petitioner filed a petition for a writ of mandamus in the state district court maintaining that he was entitled to a jury trial on the misdemeanor offense. The state district court denied the petition, and petitioner filed an original petition for a writ of mandamus in the Supreme Court of Nevada challenging the lower court ruling. On February 9, 2012, in No. 59868 in that court, the Supreme Court of Nevada denied the petition in a three-page order expressly addressing petitioner's arguments. The state supreme court specifically rejected petitioner's arguments that alleged collateral consequences of a possible

conviction – limitation on custody rights, deportation for non-citizens,[1] and loss of the right to possess a firearm – required that a jury trial right be afforded at a trial of the misdemeanor offense.[2]

In the present federal petition, Amezcua names the Supreme Court of Nevada as respondent and identifies the State of Nevada as the real party in interest. He requests that this Court issue a writ of habeas corpus dismissing the charges against him or "issue a Writ of mandamus to compel the Nevada Supreme Court to order the lower court to grant Mr. Amezcua's [sic] a jury trial." #1, at 2.

## *Discussion*

The petition is subject to multiple substantial defects.

*First*, petitioner has not named a proper respondent. The Court understands that petitioner perhaps may not be in physical custody at the moment and thus possibly may not be able to name a jailer as respondent. However, in all events he may not proceed in federal court – even in a habeas action – against either the State of Nevada or the Supreme Court of Nevada, as an arm of the state, due to the state sovereign immunity recognized by the Eleventh Amendment. *See, e.g., Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100-01, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984)(a State may not be sued in federal court regardless of the relief sought); *O'Connor v. State of Nevada*, 686 F.2d 749 (9th Cir. 1982)(Supreme Court of Nevada). The Court thus does not have jurisdiction over the petition presented from the very outset. The Court expresses no opinion as to the proper respondent in this context. *Cf.* Habeas Rule 2(b), Advisory Committee Note to 1976 Adoption.

---

[1] Petitioner concedes that he is an American citizen, such that his standing to pursue such a claim would be in substantial question. The Court has no occasion to definitively resolve such an issue here given the multiple substantial defects in the federal habeas petition discussed *infra*.

[2] Petitioner has filed copies of certain state court record materials, and the Court has taken judicial notice of the online docket record of the state supreme court as to remaining materials:

http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=28030 (No. 59868)
http://caseinfo.nvsupremecourt.us/public/caseSearch.do (generic search window)

1    *Second*, to the extent that petitioner seeks a writ of mandamus from this lower federal
2    court directed to the Supreme Court of Nevada, he impermissibly seeks to have this Court
3    exercise an appellate jurisdiction over the state supreme court that it does not have. Federal
4    district courts do not have appellate jurisdiction over a state supreme court or other state
5    court, whether by direct appeal, mandamus, or otherwise. *See, e.g., Rooker v. Fidelity Trust*
6    *Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895,
7    898 (9th Cir. 2003). While the jurisdictional limitation recognized in *Rooker* does not function
8    as a rule of claim or issue preclusion, it does preclude a party from seeking the relief sought
9    here, an order from a lower federal court directing a state supreme court how to proceed in
10   its cases. If petitioner wants a federal court to issue directives to the Supreme Court of
11   Nevada, he must seek such relief in the United States Supreme Court.

12   *Third*, the petition improperly seeks federal judicial intervention in a pending state
13   criminal proceeding. As a general rule, even when the claims in a petition, *arguendo*,
14   otherwise have been fully exhausted in the state courts, a federal court will not entertain a
15   habeas petition seeking intervention in a pending state criminal proceeding, absent special
16   circumstances. *See, e.g., Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden*
17   *v. Montana*, 626 F.2d 82, 83-85 (9th Cir. 1980); *Davidson v. Klinger*, 411 F.2d 746 (9th Cir.
18   1969). This rule of restraint ultimately is grounded in principles of comity that flow from the
19   abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).
20   Under the *Younger* abstention doctrine, federal courts may not interfere with pending state
21   criminal proceedings absent extraordinary circumstances.

22   No such extraordinary circumstances are presented here. Petitioner is challenging a
23   denial of a jury trial in a misdemeanor case in a state justice court based upon the alleged
24   collateral consequences from a conviction. At the very outset, one of the possible collateral
25   consequences relied upon – possible deportation – does not even apply to him. To the extent
26   that petitioner faces possible limitations on parental rights and his right to bear arms from a
27   conviction, his situation is not different in substance from any criminal defendant facing
28   potential loss of constitutional rights – including the most fundamental right, to liberty – in a

pending criminal prosecution. A criminal defendant alleging that the state courts have rejected his constitutional objections to pretrial rulings, including rulings as to fundamental rights, in a pending state criminal prosecution is a regular occurrence, not an extraordinary circumstance. Petitioner must seek relief either via a petition in the United States Supreme Court or in a habeas petition filed *after* a conviction and full exhaustion of state judicial remedies.

Petitioner's cited cases are not to the contrary. Cases in which a *federal* court of appeals issues a pretrial writ of mandamus to a *federal* district court directing that a jury trial be had in *federal* court do not establish that a federal district court properly similarly may issue a writ to a *state* court directing that a jury trial be had. Federal courts, again, do not intervene in pending state criminal proceedings absent extraordinary circumstances not presented here. If petitioner *arguendo* unconstitutionally is denied a jury trial by the state courts and is convicted, he may challenge his conviction on that basis via a petition for a writ of *certiorari* to the United States Supreme Court and/or a petition for a writ of habeas corpus filed in federal district court after his conviction and full exhaustion of state judicial remedies.

Due to the multiple substantial defects presented, this matter will be dismissed without prejudice. The Court finds that further proceedings herein prior to entry of judgment would be futile.

IT THEREFORE IS ORDERED that this matter shall be DISMISSED without prejudice due to the multiple substantial defects presented herein.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED, as the invocation of federal jurisdiction is wholly without merit for the reasons assigned herein.

The Clerk of Court shall enter final judgment accordingly, against petitioner and in favor of respondents, dismissing this action without prejudice.

DATED: April 4, 2012

_____
Gloria M. Navarro
United States District Judge